GEORGE PENNIMAN *vs.* WATSON FREEMAN.

An officer who delivers property, held by him under attachment, to an assignee in insol-
vency of the debtor, upon demand made, while the assignment is in force, is not liable
therefor to the attaching creditor, in case the proceedings in insolvency are subse-
quently annulled for want of notice to the debtor of the petition by which they were
instituted.

ACTION OF TORT against a deputy sheriff for neglecting to
levy an execution, issued upon a judgment obtained by the
plaintiff at April term 1852 of the court of common pleas
against De Witt C. Hammond, upon personal property of Ham-
mond, previously attached by the defendant on the plaintiff's
writ; and delivering the property to Joseph C. Chase, claiming
to have been appointed assignee of Hammond under proceed-
ings in insolvency which the plaintiff alleged to be void.
Answer, that the property was delivered by the defendant on
the 4th of March 1851 to Chase, on his exhibiting a deed of
assignment of all Hammond's estate from a commissioner of
insolvency for this county, and demanding the property.

The parties stated a case, in which they admitted the attach-
ment, the omission to levy the execution, the delivery of the
property to Chase, taking a receipt for its redelivery in case the
proceedings in insolvency should be declared void and illegal;
and also agreed the following facts :  Before the delivery of the
property to Chase, the plaintiff gave the defendant verbal notice
that said proceedings were void and illegal, and that he was
about to petition this court to annul them and remove said as-
signee, and that he should hold the defendant responsible for
said property, and for its application to the satisfaction of
the judgment which he might recover against Hammond.  To
this notice the defendant replied that he would retain the
property if the plaintiff would indemnify him for not surren-
dering it to Chase; but the plaintiff refused to give such in-
demnity.

On the 12th of September 1851 the plaintiff presented a peti

tion to this court, praying that said proceedings might be set aside, and said assignee removed, and injoined from acting in that trust, because Hammond, at the time of the commencement of the proceedings, had his last and usual place of abode in the county of Norfolk, and because he had no legal notice of the proceedings, and therefore the commissioner had no jurisdiction of the case. After due notice and hearing, this court, on the 12th of March 1852, decreed that the issuing of the warrant against the estate of Hammond and the further proceedings in the case were irregular and unauthorized by law; that the warrant be superseded, and further proceedings discontinued; that the assignment was void; and that the assignee restore to the defendant · the property attached by him at the suit of the plaintiff.

The plaintiff's execution has never been satisfied, and the plaintiff has never been able to collect it. If the plaintiff is entitled to recover, he is to have judgment for the amount of his debt, with interest and costs.

*J. J. Clarke & L. Shaw, Jr.* for the plaintiff. As the assignment relied on by the defendant is void, as is conclusively shown by the decree of this court, he is bound to apply the property attached in the same manner as if no assignment had been made; and if he has given up the property, he must indemnify the plaintiff for the damage he has sustained thereby. *Fairfield* v. *Baldwin*, 12 Pick. 388. *Suydam* v. *Huggeford*, 23 Pick. 465. *Trowbridge* v. *Cushman*, 24 Pick. 310. *Peirce* v. *Partridge*, 3 Met. 50.

Although a voidable assignment, made by a commissioner having jurisdiction of the case, is conclusive evidence of the authority of the assignee to sue; yet an assignment, made by a person having no jurisdiction to make it, is void, and can be no justification to an officer acting under it. *Claflin* v. *Beach*, 4 Met. 392. *Sanford* v. *Nichols*, 13 Mass. 286. *Hoit* v. *Hook*, 14 Mass. 210. *Pearce* v. *Atwood*, 13 Mass. 344. *Betts* v. *Bayley*, 12 Pick. 585. *Wilmarth* v. *Burt*, 7 Met. 259. *Aldrich* v *Aldrich*, 8 Met. 102. *Donahoe* v. *Shed*, 8 Met. 326. *Fisher* v *McGirr*, 1 Gray, 45.

*W. E. Parmenter*, for the defendant.

BIGELOW, J.   This case presents the single question, whether the surrender of property, held under an attachment by an officer, to an assignee appointed under the insolvent laws, upon demand made, while the assignment is in force, relieves the officer from further responsibility and liability on account thereof to the attaching creditor, in case the proceedings in insolvency are subsequently annulled for irregularities and defects therein. This is a new question, in the determination of which but little, if any, aid can be derived from authorities.   The decision of it must depend mainly upon the true construction of the provisions of the insolvent laws, concerning the dissolution of attachments, and the relative rights and duties of attaching creditors and assignees thereby created.   By § 5 of the *St.* of 1838, *c.* 163, it is enacted, among other things, that an assignment made under said act shall vest in the assignees all the estate of the debtor, " although the same may be then attached on mesne process as the property of the said debtor," and " shall be effectual to pass all the said estate, and dissolve any such attachment."   By the same section, it is also provided that, in all suits prosecuted by assignees to recover any property or right of the debtor, " the assignment shall be conclusive evidence of their authority to sue as such assignees." Under these explicit provisions, it would seem very clear that an officer holding property under attachment would have no legal right to retain it in his possession, as against an assignee claiming under an assignment regular and valid on its face.   The attachment is dissolved by force and effect of the assignment; the title to the property attached is thereby vested in the assignee ; and the assignment is itself conclusive evidence of his right to sue for and recover the same.   To a title founded on the express provisions of the statute, and proved by evidence which the same statute makes conclusive, the officer can maintain no valid defence.   In a suit against him by the assignee, he is not permitted to deny the validity of the assignment, or to inquire into the regularity of the proceedings in insolvency, or the jurisdiction of the commissioner by whom the assignment

was made.    This has been settled by several decisions of this court, and is the unavoidable result of the express provision of the statute which makes the assignment conclusive of the assignee's right and title.    *Hanson* v. *Paige, ante,* 242, and cases cited.    The effect therefore of the statute is, to make it the legal duty of an officer, holding property of an insolvent debtor under attachment, to surrender it to an assignee claiming it by an assignment regular on its face.    It would seem to follow, as a necessary consequence, that he cannot subsequently be made answerable to a third person for property which the law has previously required him to deliver to the assignee, under a title which he is not allowed to dispute.    An innocent party cannot be thus legally liable twice for the same property.    The officer stands in the position of a mere stakeholder.    He has no right or interest in the property, other than that which the law imposes on him in the discharge of an official duty.    A surrender to an assignee, therefore, under a statute title which is conclusive, may well be held a sufficient protection against the claims of attaching creditors.    They have an ample remedy at their command, by an application under the eighteenth section of the insolvent law. If the insolvent proceedings are irregular and erroneous, they can at once obtain a stay of proceedings, and an injunction to restrain an officer from the surrender of property held under attachment, until the validity of the assignment is inquired into and settled.    In the case at bar, if this remedy had been pursued by the plaintiff, it would have secured all his rights.    But he did not see fit to avail himself of it.    He knew of the proceedings in insolvency, and of their supposed irregularity, before the goods were surrendered by the officer to the assignee.    If he is now without remedy, it is attributable to his own laches.

The case at bar is distinguishable from those cases where an officer has been held liable to subsequent attaching creditors for the misapplication of a debtor's property, held under attachment, in satisfaction of executions founded on fraudulent claims.    In such cases, the officer acts at his peril.    He is not compelled to levy the executions without inquiry, nor without receiving indemnity against any risk which he might incur in the service

of the process, arising from conflicting claims to the property. *Marsh* v. *Gold*, 2 Pick. 285. But under the provisions of the insolvent law, the officer is liable if he fails to surrender property to the assignee upon an instrument which is conclusive, and which he is not permitted to question or impeach.

So too, for the same reason, the principle, by which an officer is held liable for his acts under process issued by a court or magistrate without jurisdiction, is inapplicable to the present case. Such proceedings are not conclusive as to any act done under them, but are open to investigation and inquiry. And even in such cases the officer is protected from liability, if the process is regular on its face, and does not disclose the want of jurisdiction. *Whipple* v. *Kent*, 2 Gray, 410.

Besides ; the suggestion, that the assignment in this case was void *ab initio*, because the commissioner had no jurisdiction of the case, rests on a misapprehension of the facts. The insolvent proceedings against Hammond were not set aside on the ground of an absolute want of jurisdiction of the case on the part of the commissioner of insolvency. In this respect it was unlike the case of *Claflin* v. *Beach*, 4 Met. 392, where the insolvent debtor was not a resident in the Commonwealth. In the case of Hammond, on the face of the proceedings, it appeared that Hammond was, at the time of the application, last resident at Boston ; and it was not determined by the court, on the petition to set aside the proceedings, whether his domicil was in the county of Suffolk or Norfolk. For aught that appeared, the commissioner had jurisdiction of the case, the parties and the subject matter ; and the proceedings were set aside on the ground that no proper notice of the petition of the creditor, on which the proceedings were commenced, was ever served upon the debtor in compliance with the statute. *Penniman, petitioner*, 15 Law Reporter, 31–33. It would seem therefore that the assignment was voidable, and not void. Indeed, such is the judgment of the court, declaring that the proceedings were voidable by an attaching creditor. It is not therefore a case where the commissioner had no jurisdiction, and acted wholly without

authority, but a case of defect or irregularity in the proceedings, which rendered them voidable. The assignment was regular on its face, and purported to have been issued by a commissioner having jurisdiction of the parties and the subject matter.

*Judgment for the defendant.*